# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1610V
UNPUBLISHED

|  |  |
|---|---|
| KAITLIN MCKENZIE, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 13, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision based on Proffer; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |
| Respondent. | |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 18, 2020, Kaitlin McKenzie filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.  (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of an influenza ("flu") vaccination received on October 2, 2019. Petition at ¶¶ 6, 22.  Petitioner further alleges that her "vaccine related injuries have lasted more than six months." Petition at ¶ 24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table SIRVA. On May 10, 2022, Respondent filed a proffer on an award of compensation ("Proffer"). In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

**A lump sum of $135,590.73 (representing for $125,000.00 for pain and suffering, $6,760.98 for past unreimbursed expenses, and $3,829.75 for past lost wages).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                             )
KAITLIN MCKENZIE,                            )
                                             )
              Petitioner,                    )
                                             )        No. 20-1610V
       v.                                    )        Chief Special Master Brian H. Corcoran
                                             )        ECF
SECRETARY OF HEALTH AND                      )
HUMAN SERVICES,                              )
                                             )
              Respondent.                    )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 18, 2020, Kaitlin McKenzie ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on October 2, 2019. On February 14, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on February 16, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 30; ECF No. 31.

I.     **Items of Compensation**

       A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $125,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.   Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,760.98.   *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.      Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.   Respondent proffers that petitioner should be awarded past lost wages in the amount of $3,829.75.   *See* 42 U.S.C. § 300aa-15(a)(3)(A).   Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).   Petitioner agrees.

## II.      Form of the Award

Petitioner is a competent adult.   Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $135,590.73,  in the form of a check payable to petitioner.

## III.      Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Kaitlin McKenzie:                    **$135,590.73**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date: May 10, 2022